United States District Court
Northern District of California

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RUBEN HAYES,

    Defendant.

Case No.: 4:13-cr-00085-JSW-1 (KAW)

DETENTION ORDER

## I. BACKGROUND

Defendant Ruben Hayes is charged in an Indictment with violations of 18 U.S.C. § 922(g) (felon in possession of firearm and ammunition); 21 U.S.C. § 841 (a)(1) (possession with intent to distribute controlled substance); 18 U.S.C. § 924(c) (possession of a firearm in furtherance of a drug trafficking crime); 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) (firearm and ammunition forfeiture); and 21 U.S.C. § 853(a) (drug forfeiture).

The government moved for Defendant's detention pursuant to the Bail Reform Act, and asked for a hearing as permitted by 18 U.S.C. § 3142(f). Pretrial Services prepared a full bail study. On May 20, 2013, the Court conducted a detention hearing. Defendant was present, and was represented by Assistant Federal Public Defender Ellen Leonida. Assistant United States Attorney Kathryn Haun appeared on behalf of the Government. For the reasons stated below, the Court orders that Defendant be detained.

## II. LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release. If the government does not meet its burden, the court's duty is to fashion appropriate conditions that permit the defendant to remain

DETENTION ORDER
4:13-cr-00085-JSW-1 (KAW)                1

out of custody during the preparation of his or her defense, while safeguarding against flight or danger to the community. Close cases should result in release: "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to rule against detention in close cases." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). In non-capital cases, pretrial release should be denied "[o]nly in rare circumstances." *Motamedi,* 767 F.2d at 1405; *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act; "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception"). Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f). At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *Id.* The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405.

In evaluating whether pretrial release is appropriate, a court must consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

The indictment charges that in June 2012, Defendant, a felon, possessed a Raven Arms MP-25 .25 caliber firearm, and 19 rounds of .25 caliber ammunition, and possessed with intent to

distribute crack cocaine and heroin; and in October 2012, possessed a Ruger Blackhawk revolver .357 and 6 rounds of Winchester 380 ammunition.

### A. The Nature and Circumstances of the Offense and Weight of the Evidence

The nature of the offenses charged in this case give rise to a rebuttable presumption of detention. 18 U.S.C. §§ 3142(e)(2), (e)(3), (f)(1). The presumption of detention shifts the burden of *production* to the defendant; the ultimate burden of persuasion remains with the government. *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

As to the weight of the evidence, while this is the least important factor, BATF agents stated that on June 3, 2012, Defendant fled from arresting officers in a vehicle. Specifically, the government proffered that Defendant fled in his vehicle until he crashed into another car and then fled on foot. After he was arrested, a loaded firearm, crack and heroin were found in his vehicle. On October 19 of the same year, Defendant was arrested as a passenger in a vehicle, and a loaded firearm was found in the vehicle's trunk, together with a large bag of marijuana. Thus, these factors weigh in favor of detention.

### B. The History and Characteristics of the Defendant and the Nature and Seriousness of the Danger to Any Person or the Community

Defendant in 45 years old. He has lived in the Oakland area since he was one. He has no current residence. Before his arrest, he was living in hotels and staying with family and friends in the Oakland area. He has family ties in the Oakland area, including to his three adult children, his long-time friend, Janette Blackmon, and his significant other, Shavonda Miles.

Defendant received his GED while incarcerated at Folsom Prison in 2010. He has no formal employment history, though he has been informally employed doing hauling, construction, and landscaping work. He has never travelled outside of the United States.

Defendant has a long criminal history, which began in 1986 and, notably, includes twelve felony convictions for drug- and firearm-related crimes, and inflicting corporal injury on a spouse/ cohabitant.

According to Alameda County records, he has had his probation revoked at least nine times, and failed to appear for fourteen court appearances. He is currently on probation in Yolo

DETENTION ORDER
4:13-cr-00085-JSW-1 (KAW)  3

County for a drug-related conviction. He is also currently on parole for a drug-related conviction with the California Department of Corrections, and there is a pending and active felony warrant for his arrest. These violations suggest that he is not amenable to supervision.

Defendant's significant other, Shavonda Miles, was willing to serve as a surety. Because she was the driver of the car in which the loaded firearm and drugs were found when Defendant was arrested in October 2012, and due to her own criminal history of five arrests, three of which were for the sale of cocaine, she is not a viable surety. Although she was present at the detention hearing and supportive of Defendant, Defendant's long-time friend, Janette Blackmon, was not willing to serve as a surety or have him live with her while on pretrial release. Indeed, Blackmon told Pretrial Services that she had "put him out" of her residence in October 2012. Because Blackmon would not assist with bail or allow Defendant to live with her, she does not appear to have sufficient moral suasion over him to be a suitable surety.

Factors that suggest Defendant may pose a risk of non-appearance include his previous failures to appear in court, his alleged flight from the arresting officers, his lack of employment and stable residential history, his non-compliance while on supervision, and his lack of a suitable place to live while on pretrial release. Mitigating factors include his long-time ties to this District, and his lack of a passport and international travel, but these are insufficient to overcome the presumption of flight risk in this case. Factors that suggest that Defendant may pose a danger to the community include his numerous drug and firearm related convictions, which are similar to the instant offenses. There are no mitigating factors with respect to Defendant's dangerousness. Defendant has repeatedly violated his parole and had his probation revoked, showing that he is not amenable to supervision.

In light of the above, Defendant was unsuccessful in rebutting the presumption that he is a risk of flight and a danger to the community.

///

///

///

DETENTION ORDER
4:13-cr-00085-JSW-1 (KAW)            4

## III. CONCLUSION

In light of Defendant's criminal history, the nature and circumstances of the instant offense, and the weight of the evidence, the Court finds that Defendant presents a danger to the community and/or poses a risk of nonappearance, and that there are no conditions or combination of release conditions that will reasonably assure his appearance or the safety of the community.

For the reasons set forth above, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: May 20, 2013

*Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge